[DO NOT PUBLISH]  \

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

No. 07-15949
Non-Argument Calendar

_____

D. C. Docket No. 07-60200-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIO MOLINA-CRUZ,
a.k.a. Mario Cruz-Viatoro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jose Santos Molina-Cruz appeals his 46-month sentence for illegal reentry into the United States after deportation, in violation of 18 U.S.C. § 1326(a) & (b)(2). On appeal, he argues that the district court erred when it enhanced his sentence for previously having been deported for conviction of an aggravated felony, and consequently sentenced him above the two-year maximum of § 1326(a), and beyond the sentencing range authorized by the guidelines, when the aggravated felony was not charged in the indictment. He further argues that his sentence was unreasonable.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

I.

Molina-Cruz argues that the indictment did not charge that he had been deported after having been convicted of an "aggravated felony," nor did he confess to such, nor was it proven to a jury. Molina-Cruz contends that enhancing his sentence for illegal reentry on the basis of the prior aggravated felony was therefore in violation of his Fifth and Sixth Amendment rights.

Where an appellant objects to the enhancement of his sentence, we review the sentence de novo, but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).

2

In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the Supreme Court held that recidivism was not an element of the offense of illegal re-entry in the United States. *Id*. at 247, 118 S. Ct. 1219 at 1233. Accordingly, under *Almendarez-Torres*, prior convictions can be considered and used to enhance a defendant's sentence without being alleged in the indictment or proved beyond a reasonable doubt. *Id*. at 244-46, 118 S. Ct. at 1231-32. "Although recent decisions, including *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam).

Because we have held that *Almendarez-Torres* remains good law, the district court did not err in enhancing Molina-Cruz's sentence on the basis of prior convictions.

## II.

Molina-Cruz argues that the district court placed unjustified reliance upon a single § 3553(a) factor (criminal history) without proper consideration of other factors, thereby rendering his sentence unreasonable. Molina-Cruz asserts that

3

given his background, personal characteristics, and the nature of his present illegal reentry, a sentence within the guideline range was unreasonable; instead, the § 3553(a) factors necessitated a sentence below the guideline range.

We review a final sentence for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). In conducting this review, we apply a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 591, 597, 169 L. Ed. 2d 445 (2007).

A district court's sentencing decision is procedurally sound if the court correctly calculated the defendant's sentencing range, treated the guidelines as advisory, considered the § 3553(a) factors, selected a sentence that was based on facts that were not clearly erroneous, and adequately explained the chosen sentence, including an explanation for any deviation from the defendant's sentencing range. *Gall*, 552 U.S. ___, 128 S. Ct. at 597; *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]" *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir.) (first alteration in original) (citations omitted), *cert. denied*, 128 S. Ct. 671 (2007). A district court's sentencing decision is substantively reasonable if the court acted within its

discretion in determining that the § 3553(a) factors supported the sentence and justified any deviation from the defendant's sentencing range. *See Gall*, 552 U.S. __, 128 S. Ct. at 600.

The factors presented in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786.

Here, the district court committed no procedural error in calculating the guideline range. In considering Molina-Cruz's personal circumstances, the court acknowledged the conditions of violence in El Salvador. The court also took Molina-Cruz at his word that a prior conviction for felony battery was less serious than what was presented in the Presentence Investigatory Report. After expressly stating that it considered the § 3553(a) factors, the court imposed a 46-month sentence that was in the middle of the recommended guideline range. In light of

5

the § 3553(a) factors and the record as a whole, the sentence was substantively reasonable. Accordingly, we affirm.

**AFFIRMED.**